**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

NOVO NORDISK A/S AND NOVO NORDISK INC.,

Plaintiffs,

v.

FLAWLESS IMAGE MEDICAL AESTHETICS, LLC,

Defendant.

Case No. 5:23-cv-00739-GTS-ML

**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on June 20, 2023, and that defendant Flawless Image Medical Aesthetics, LLC ("Flawless Image") was served with the Complaint and, through counsel, appeared on June 29, 2023; and

It further appearing that a Consent Preliminary Injunction Order was entered herein on August 14, 2023; and

It further appearing that the parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the express consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over defendant Flawless Image. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff Novo Nordisk's Complaint states causes of action against defendant Flawless Image for trademark infringement, false advertising, and unfair competition in violation of sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), common law, and New York General Business Law § 349.

3. Plaintiff Novo Nordisk has adopted and used, and has valid and enforceable rights in and to, the trademarks OZEMPIC, WEGOVY, and RYBELSUS (the "Novo Nordisk Marks") for pharmaceutical products.

4. The federal trademark registrations of plaintiff Novo Nordisk A/S for the Novo Nordisk Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| OZEMPIC | 4,774,881 | July 21, 2015 | Pharmaceutical preparations (class 5) |
| WEGOVY | 6,585,492 | December 14, 2021 | Pharmaceutical preparations (class 5) |
| wegovy | 6,763,029 | June 21, 2022 | Pharmaceutical preparations (class 5) |

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| RYBELSUS | 5,682,853 | February 26, 2019 | Pharmaceutical preparations (class 5) |

5. Without the consent of plaintiff Novo Nordisk, defendant Flawless Image has used one or more of the Novo Nordisk Marks in connection with the sale, marketing, promotion, and offering of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs").

6. Without the consent of plaintiff Novo Nordisk, defendant Flawless Image has engaged in advertising, marketing, and/or promotion that falsely suggests that: (i) the Unapproved Compounded Drugs offered and sold by defendant Flawless Image are approved by the FDA; (ii) the Unapproved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use; (iii) the Unapproved Compounded Drugs offered by defendant Flawless Image achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes; (iv) the Unapproved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved, semaglutide-based medicines, and/or that the Unapproved Compounded Drugs are interchangeable with or equivalent to genuine Novo Nordisk FDA-approved, semaglutide-based medicines; and/or (v) the Unapproved Compounded Drugs contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk product.

7. Defendant Flawless Image's actions as described above are likely to cause confusion, infringe Novo Nordisk's rights in the Novo Nordisk Marks, and violate Novo Nordisk's rights under the Lanham Act and state law.

8. Defendant Flawless Image its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

(a) using the Novo Nordisk Marks in any manner, including but not limited to (i) use in any manner that is likely to cause confusion or mistake, to deceive, or otherwise infringe Novo Nordisk's rights in the Novo Nordisk Marks in any way, or (ii) use in connection with the advertising, marketing, sale, or promotion of any Unapproved Compounded Drugs; and,

(b) advertising, stating, or suggesting that any Unapproved Compounded Drugs, including but not limited to any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

(1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

(2) are sponsored by or associated with Novo Nordisk;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4) have been shown or proven to achieve certain therapeutic results, effects, or outcomes, including but not limited to by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

(5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines and/or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

(6) are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines; or

(7) contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine unless it clearly and conspicuously discloses that the ingredient is not the same high-quality, thoroughly tested semaglutide that Novo Nordisk uses in its medicines (for example, by clarifying that Defendant's product is "made with compounded semaglutide" in a font and text that is impossible to miss in context).

9. IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any Unapproved Compounded Drugs, including but not limited to all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA

for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

10. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

11. Judgment is hereby entered in favor of plaintiff Novo Nordisk as set forth above. All claims asserted in this action are hereby dismissed without prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

12. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

13. This Final Judgment shall be deemed to have been served on defendant Flawless Image, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**SO ORDERED,** this 27th day of February, 2024.

Glenn T. Suddaby
U.S. District Judge

CONSENTED TO:

Teena-Ann V. Sankoorikal
*Counsel for Plaintiff*
*Pro Hac Vice*
COVINGTON & BURLING LLP
850 10th St NW
Washington, DC 20001
+1 202-662-5735
TSankoorikal@cov.com

Armin Ghiam
*Counsel for Defendant*
New York Bar No. 5190830
HUNTON ANDREWS KURTH LLP
200 Park Ave.
New York, NW 10166
+1 212-319-1000
aghiam@huntonak.com